An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO: D.W.; N.W.; D.W. AND C.I., MINORS,

No. 61203

ANGEL S.; AND CARLIN I.,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

**FILED**

APR 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order terminating appellants' parental rights as to the minor children. Eighth Judicial District Court, Family Court Division, Clark County; Steven E. Jones, Judge.

The district court terminated appellants' parental rights as to the minor children after it found parental fault by clear and convincing evidence and concluded that it was in the children's best interests to have appellants' parental rights terminated. *See* NRS 128.105; *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 795, 8 P.3d 126, 129 (2000). In particular, the district court found that appellants failed to substantially comply with the plan to reunite the family within six months of the commencement of the plan. *See* NRS 128.109(1)(b); NRS 128.105(2)(d). The court also found that appellants failed to rebut the presumption that they had demonstrated only token efforts to care for the children after the children had resided in foster care for 14 of the last 20 months. *See* NRS 128.105(2)(f); NRS 128.109(1)(a). The district court lastly found that the children were thriving in foster care and would

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11751

benefit from the stability and security of the termination of appellants' parental rights. NRS 128.105(1).

On appeal, appellants contend that the district court's decision is not justified because appellant Angel S. completed certain counseling requirements in connection with prior neglect proceedings, and both appellants were financially unable to complete required counseling in connection with this neglect proceeding. The record indicates that the district court entered an order determining that respondent was not required to undertake reasonable efforts to return the children to appellants under NRS 432B.393(1). NRS 432B.393 provides that a child welfare agency is not required to make reasonable efforts to preserve and reunify the family if a parent abused the child in an extreme or repetitious manner, so as to indicate that returning the child to the home would put the child at risk; or if the child or the siblings of the child have been previously removed from the home and adjudicated as abused or neglected, returned to the home, and then removed from the home again as a result of additional abuse or neglect. *See* NRS 432B.393(3)(a)(3) and (d). The district court specifically found that the eldest child had suffered terrible physical abuse by appellant Carlin I. and that the child had been previously abused and removed from the home, returned to the home, and subsequently abused. Therefore, respondent was not obligated to assist appellants with the counseling required in association with this abuse and neglect proceeding based on the waiver of reasonable efforts under NRS 432B.393. Additionally, Angel S.'s completion of previous counseling requirements associated with prior neglect proceedings had no impact on the present proceedings that arose from new circumstances of abuse and neglect.

Appellants also contend that the incident resulting in the last removal of the children from the home was an accident and not the result of abuse. Having reviewed the record, we conclude that substantial evidence supports the district court's conclusion that the injuries were sustained as a result of abuse. *In re Parental Rights as to D.H.*, 120 Nev. 422, 428, 92 P.3d 1230, 1234 (2004) (providing that this court will uphold a district court's termination order if it is supported by substantial evidence).

Therefore, we conclude that the district court properly terminated appellants' parental rights, and we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:   Hon. Steven E. Jones, District Judge, Family Court Division
      Angel S.
      Carlin I.
      Clark County District Attorney/Juvenile Division
      Eighth District Court Clerk

